**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DANIEL F.C.D.,

Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

BOBBY THOMPSON, *Warden, South Texas Detention Facility*,

Respondents.

Civil No. 26-1081 (JRT/DLM)

**ORDER**

---

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. If Petitioner is being detained in Minnesota, Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of

Petitioner from the District of Minnesota until the Court issues an order on the pending Petition for Writ of Habeas Corpus (Docket No. [1]).

a. Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

b. If Petitioner has already been removed from Minnesota, Respondents are **ORDERED** to immediately return Petitioner to Minnesota.

2. Respondents are directed to file an answer to the petition for a writ of habeas corpus of Petitioner Daniel F.C.D. by **no later than 5:00 p.m. on February 8, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer should include:

a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

b. A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims;

c. Respondents' recommendation on whether an evidentiary hearing should be conducted;

d. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Avila v. Bondi*, Civil No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025); and

e. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. *See e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).

4. No later than 24 hours after Respondents file their answer, Petitioner must notify the Court whether he intends to file a reply and whether any subsequent orders by the Court should be filed under seal pending a request for redactions. If Petitioner intends to file a reply to Respondents' answer, he must do so by **no later than 5:00 p.m. on February 10, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

DATED: February 5, 2026
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge